**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephanie Allyson Militano-Catanzaro, Appellant,

v.

Leonard Vincent Catanzaro, Respondent.

Appellate Case No. 2011-197967

Appeal From Horry County
Ronald R. Norton, Family Court Judge

Unpublished Opinion No. 2016-UP-018
Heard November 10, 2015 – Filed January 20, 2016

**AFFIRMED**

Randall K. Mullins, of Mullins Law Firm, P.A., of North
Myrtle Beach, for Appellant.

Leonard Catanzaro, of Loris, pro se.

**PER CURIAM:** Stephanie Allyson Militano-Cantanzaro (Wife) appeals an order by the family court that held she was not entitled to alimony, attorney's fees, guardian ad litem (GAL) fees, or a change in the method of the child support award. We affirm.

1. We disagree with Wife's argument the family court erred in not awarding her alimony. *See Bodkin v. Bodkin*, 388 S.C. 203, 215, 694 S.E.2d 230, 237 (Ct. App. 2010) ("The amount to be awarded for alimony, as well as a determination of whether a spouse is entitled to alimony, is within the sound discretion of the family court."); *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) ("Three important factors in awarding periodic alimony are (1) the duration of the marriage; (2) the overall financial situation of the parties, especially the ability of the supporting spouse to pay; and (3) whether either spouse was more at fault than the other."); S.C. Code Ann. § 20-3-130(C) (2014) (providing factors that must be considered in the making of an alimony award). We find the family court did not abuse its discretion in finding alimony was not sustainable in Leonard Vincent Catanzaro's (Husband's) financial situation as he had less disposable income than Wife even though she had higher expenses.

2. We disagree with Wife's argument that the family court erred in not changing the method of the child support award nor its calculation. *See Bennett v. Rector*, 389 S.C. 274, 281, 697 S.E.2d 715, 719 (Ct. App. 2010) ("A child support award rests in the discretion of the trial judge [] and will not be altered on appeal absent abuse of discretion."); S.C. Code Ann. Regs. 114-4720(A)(1) (Supp. 2015) ("The guidelines define income as the actual gross income of the parent, if employed to full capacity, or potential income if unemployed or underemployed."). We find the family court's chosen method of child support calculation was appropriate and intended to benefit Wife if Husband received additional bonuses or income despite its inconvenience to Wife.

3. We agree with the family court that Wife was not entitled to attorney's fees and GAL fees. *See Gartside v. Gartside*, 383 S.C. 35, 47, 677 S.E.2d 621, 627 (Ct. App. 2009) ("An award of attorneys' fees rests within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing in determining whether to award attorney's fees and costs, a family court should consider the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living"); *Shirley v. Shirley*, 342 S.C. 324, 341, 536 S.E.2d 427, 436 (Ct. App. 2000) ("An award of [GAL] fees lies within the sound discretion of the [family court] and will not be disturbed on appeal absent an abuse of discretion."); *Payne v. Payne*, 382 S.C. 62, 71, 674 S.E.2d 515, 519 (Ct. App. 2009) (holding the family court did not abuse its discretion by equally splitting the GAL fees between the

parties).  We find the family court properly determined each party should pay their own attorney's fees and half of the GAL fees based on the financial situation of each party and the contested nature of the proceedings.

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**